# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Honorable Bruce W. Black |
| A Delaware corporation | ) | United States Bankruptcy Judge |
| FEIN 36-2057071 | ) | |
| | ) | |
| | ) | Case No. 04-B-26000 |
| Debtor. | ) | |
| | ) | |

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION

Name of Applicant: Lowenstein Sandler PC

Authorized to Provide Professional Services to: Official Committee of Unsecured Creditors

Date of Order Authorizing Employment: *August 5, 2004 (effective July 22, 2004)*

Period for Which Compensation is sought by the Final Application: July 22, 2004 through March 23, 2005

Total Amount of Fees sought: $105,498.00

Total Amount of Expense Reimbursement sought: $ 14,490.94

This is an: Interim Application: _____   Final Application: __X__

If this is not the first application filed herein by this professional, disclose as to all prior fee applications

| Date Filed | Period Covered | Total Requested (Fees & Expenses) $ | Total Allowed $ |
|---|---|---|---|
| | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses incurred herein is: $45,205.20 in fees and $813.18 in expenses.

Date: April 20, 2005            By:  s/ Paul Kizel
                                     Lowenstein Sandler PC

17248/2
04/20/2005 1697352.01

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04-B-26000 |
| A Delaware corporation | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor. | ) | |
| | ) | |

## SUMMARY SHEET

Fees Previously Requested: $ 0.00     NAME OF APPLICANT: Lowenstein Sandler PC

Fees Previously Awarded: $ 0.00     ROLE IN THE CASE: Counsel for the Official Committee of Unsecured Creditors

Expenses Previously Requested: $ 0.00
Expenses Previously Awarded: $ 0.00

TOTAL INTERIM APPLICATION
Total Amount of Fees Requested:     $ 105,498.00
Total Amount of Expenses Requested: $ 14,490.94

Retainer Paid: $ 0.00

| NAMES OF PROFESSIONAL/ PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILLED CURRENT APPLICATION | RATE | TOTAL FOR APPLICATION |
|---|---|---|---|---|
| **PARTNERS / OF COUNSEL** | | | | |
| Barkin, Daniel J. | 1981 | 1.70 | $375.00 | $637.50 |
| Buechler, Bruce | 1987 | 0.40 | 395.00 | 158.00 |
| Rosen, Kenneth A. | 1979 | 19.50 | 445.00 | 8,677.50 |
| Kizel, Paul | 1982 | 76.10 | 395.00 | 30,059.50 |
| Seymour, Mary E. | 1994 | 0.90 | 310.00 | 279.00 |
| **ASSOCIATES** | | | | |
| Mollin, David A. | 2001 | 21.90 | 220.00 | 4,818.00 |
| Teele, S. Jason | 2001 | 217.90 | 240.00 | 52,296.00 |
| **PARAPROFESSIONALS / LAW CLERKS** | | | | |
| Chomik, Carolyn | N/A | 9.30 | 125.00 | 1,162.50 |
| Deacon, Christine E | N/A | 52.10 | 105.00 | 5,470.50 |
| Figur, Marion | N/A | 0.80 | 150.00 | 120.00 |
| Lawler, Elizabeth B. | N/A | 0.60 | 115.00 | 69.00 |
| Toulson, Denise | N/A | 10.70 | 80.00 | 856.00 |
| Schulze, Jerusha J. | N/A | 9.40 | 80.00 | 752.00 |
| Widjaja, Liesye | N/A | 1.90 | 75.00 | 142.50 |
| **TOTALS** | | 423.20 | | $105,498.00 |

TOTAL BLENDED HOURLY RATE: $340.00
(Including Paraprofessionals): $249.29

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) In Proceedings Under Chapter 7 |
| | ) |
| CHAPCO CARTON COMPANY, | ) Case No. 04-26000 |
| a Delaware Corporation, | ) |
| FEIN 36-205707 | ) Honorable Bruce W. Black |
| | ) |

FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF FEES AND EXPENSES OF LOWENSTEIN SANDLER PC
AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Lowenstein Sandler PC ("Lowenstein"), attorneys for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 7 case of Chapco Carton Company (the "Debtor"), hereby submits its Final Application for Compensation and Reimbursement of Fees and Expenses of Lowenstein as Counsel for the Official Committee of Unsecured Creditors (the "Application"). In total, this Final Application requests approval of $105,498.00 in fees and $14,490.94 in expenses incurred by Lowenstein during its representation of the Committee from July 22, 2004 through March 23, 2005. In further support of this Application, Lowenstein respectfully states:

I. **JURISDICTION**

The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper pursuant to 28 U.S.C. § 1409. The statutory predicates for the relief sought herein are §§ 330 and 331 of the Bankruptcy Code and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

II. **BACKGROUND**

On July 13, 2004 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor operated and managed its business as a

debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until March 24, 2005, when the Court entered an Order converting the case to Chapter 7.

On July 22, 2004 the United States Trustee appointed the Committee pursuant to § 1102(a)(1) of the Bankruptcy Code. On August 3, 2004, pursuant to § 1103(a) of the Bankruptcy Code, Lowenstein was selected to represent the Committee in all matters during the pendency of the Debtor's chapter 11 case. The Court approved Lowenstein's employment as counsel to the Committee by Order dated August 5, 2004, effective July, 22, 2004 (Docket No. 88).

Lowenstein has previously served monthly fee statements in accordance with ¶ 3(c) of the Interim Compensation Order (now suspended) for the periods from July 22, 2004 through and including July 31, 2004, August 2004, September 2004, October 2004, November 2004 and December 2004 (collectively, the "Monthly Fee Statements").[1] The Monthly Fee Statements sought an aggregate of $102,874.50 in fees and $12,966.52 in expenses. The Debtor paid Lowenstein **$45,205.20** in fees, representing 90% of monthly fees requested through August 31, 2004, and **$813.18** in expenses, representing 100% of expenses incurred through August 31, 2004. The Debtor failed to pay Lowenstein's fees incurred after August 2004 notwithstanding that no objections had been served to the Monthly Fee Statements. Lowenstein's total unpaid fees for services performed on behalf of the Committee through the period ending March 23, 2005 are $60,292.80 and unpaid expenses total $13,677.76, for a total balance due of $73,970.56.

---

[1] Because the Interim Compensation Order was suspended by Order dated January 13, 2005, Lowenstein did not serve Monthly Statements for January 2005, February 2005 and March 2005. However, fees and expenses incurred by Lowenstein in these months are included in this Application.

-4-

## III. **RELIEF REQUESTED**

Pursuant to § 330 of the United States Bankruptcy Code Lowenstein requests a final allowance of $105,498.00 in fees and $14,490.94 in expenses in connection with services performed on behalf of the Committee between July 22, 2004 and March 23, 2005.

### A. **Compensation of Fees**

Section 330(a) of the Bankruptcy Code governs compensation of professionals in bankruptcy matters. See In re Apex Oil Co., 960 F.2d 728, 731 (8th Cir. 1992). Section 330(a) provides, in relevant part, as follows:

> The court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). "Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in the bankruptcy courts." In re McCombs, 751 F.2d 286, 288 (8th Cir. 1985). Pursuant to 11 U.S.C. § 331, compensation for professional services may be awarded on an interim basis.

Lowenstein has rendered substantial and valuable professional services on behalf of the Committee that were beneficial to the administration of the Debtors' chapter 7 case.

Specifically, Lowenstein's professionals provided a total of 423.20 hours of services for and on behalf of the Committee having an aggregate value of $105,498.00.

Lowenstein charged its customary fees, which are reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than Bankruptcy Cases. The amount of compensation that Lowenstein seeks is in line with compensation awarded in similar cases and is commensurate with the professional standing, ability and expertise of Lowenstein and the professionals and paraprofessionals who have participated in this case. Lowenstein agreed to waive reimbursement of travel time. Accordingly, the compensation requested herein reflects the reasonable value of the services provided to the Committee.

Lowenstein is mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide the Committee with cost-effective representation while rendering services with the highest degree of skill and professionalism. Such efforts include staffing this matter leanly and eliminating duplication of effort by giving primary responsibility to one partner and one associate for most issues and matters, while staffing other attorneys only on an as-needed basis. The blended hourly rate of the fees requested by Lowenstein is $340.00, and $249.29 when including the rates of paraprofessionals. Attached hereto as **Exhibit A** are the hourly rates for the attorneys and paraprofessionals, who provided services to the Committee in this case during the period covered by this Application, and the total number of hours worked by each.

Attached hereto as **Exhibit A** are the fees that Lowenstein actually charged, corresponding to the categories detailed in Section IV below during the period from July 22, 2004 through March 23, 2005. In accordance with Federal Rule of Bankruptcy Procedure 2016(a), the itemized list identifies: (a) the specific tasks performed; (b) the attorney or legal assistant who performed them; (c) the time required to perform them; and (d) the date on which the tasks were performed. To the extent possible, Lowenstein has described each specific task

-6-

and separately allocated the time attributable to that task. Where the nature of certain tasks and the circumstances surrounding their performance did not allow for individual time entries, aggregate time entries were used.

**B.    Reimbursement of Expenses**

Pursuant to § 330(a)(1)(A) of the Bankruptcy Code, the Court may award a professional "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A). Accordingly, Lowenstein seeks reimbursement of the actual, necessary expenses that it incurred during the period covered by this Application. Lowenstein typically charges its clients $0.12 per page for copies and $0.30 per page for outbound facsimiles. Lowenstein does not charge its clients for incoming facsimiles. Charges for travel, electronic research, overnight delivery, postage, long distance phone calls, and other out-of-pocket disbursements are based on actual amounts paid by Lowenstein for those services. Attached hereto as **Exhibit B** is a detailed description of expenses that the Applicant incurred from July 22, 2004, through and including March 23, 2005.

## IV.   NARRATIVE SUMMARY OF SERVICES PERFORMED

During the approximate 7 month period during which it represented the Committee, Lowenstein provided services that can be segregated into the following general categories:

- A.  Asset Analysis & Recovery (5.00 hours)
- B.  Asset Disposition (46.20 hours)
- C.  Assumption/Rejection of Leases and Contracts (0.20 hours)
- D.  Business Operations (16.00 hours)
- E.  Case Administration (85.80 hours)
- F.  Fee/Employment Applications (33.30 hours)
- G.  Fee/Employment Objections (13.50 hours)
- H.  Financing/Cash Collateral (124.50 hours)
- I.  Meetings of and Communication with Creditors (50.30 hours)
- J.  Other Contested Matters (35.00 hours)
- K.  Relief from Stay/Adequate Protection Proceedings (9.50 hours)
- L.  Tax Issues (0.40 hours)

M. General Bankruptcy Advice (3.50 hours)

In terms of both hours and fees, Lowenstein devoted substantial services with respect to (a) financing and cash collateral issues (124 hours/$33,536), (b) meetings and communications with the Committee (50.3 hours/$16,895.50) and (c) the sale of the Debtor's assets (46.2 hours/$11,934.00).

In particular, from the outset of its retention in late July, 2004, until late September, 2004, when a final cash collateral/financing order (the "DIP Order") was entered, Lowenstein expended a substantial amount of time relating to cash collateral/financing issues. Among other things, Lowenstein reviewed and analyzed the prepetition and postpetition loan agreements and engaged in often contentious negotiations with the Debtor's secured lenders. Lowenstein also filed an objection to the entry of the DIP Order in an effort to provide additional protections for unsecured creditors.

In early September, 2004, Lowenstein began to provide services to the Committee relating to the sale of the Debtor's assets. Although the case was only a couple of months old, it appeared to the Committee that the Debtor could not realistically restructure its debt or otherwise propose a plan that would provide for the reorganization of the Debtor. Lowenstein engaged in communications with Debtor's counsel regarding a sale process and thereafter monitored the sale process and bidding procedures that ultimately resulted in a sale of substantially all of the Debtor's assets in December, 2004. Unfortunately, the sale did not generate sufficient funds to provide for distributions to unsecured creditors.

In addition, a large portion of the services provided by Lowenstein related to keeping the Committee fully informed about all aspects of the case and assuring that the Committee was in a position to make fully informed decisions with respect to such important matters as the financial condition/performance of the Debtor, cash collateral/financing issues, and the sale process.

In the end, although the Debtor's business proved to be incapable of being rehabilitated and the value of its operating assets were not sufficient to generate a dividend for unsecured

creditors, Lowenstein performed valuable services that were necessary for the proper administration of the chapter 7 process. Accordingly, Lowenstein submits that it should be awarded a final allowance of $105,498.00 for services rendered to the Committee.

V. **MONTHLY FEES AND EXPENSES**

Pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure and ¶ 3(c) of the Interim Compensation Order, Lowenstein affirmatively states that it has received the following payments from the Debtors in connection with its representation of the Committee in the above-captioned cases:

| Period Covered | Fees (100%) | Expenses (100%) | Fees (90%) & Expenses (100%) Requested | Amount Paid | Amount Unpaid |
|---|---|---|---|---|---|
| 7/22/04 - 7/31/04 | $17,961.00 | $190.69 | $16,355.59 | $16,355.59 | $ 0.00 |
| 8/1/04 - 8/31/04 | 32,267.00 | 622.49 | 29,662.79 | 29,662.79 | 0.00 |
| 9/1/04 - 9/30/04 | 22,300.00 | 4,642.37 | 24,712.37* | 0.00 | 24,712.37* |
| 10//04 -10/31/04 | 6,920.00 | 411.90 | 6,639.90 | 0.00 | 6,639.90 |
| 11//04 - 11/31/04 | 6,649.50 | 5,217.33 | 16,981.04 | 0.00 | 16,981.04 |
| 12//04 - 12/31/04 | 16,777.00 | 1,881.74 | 11,201.88 | 0.00 | 11,201.88 |
| Totals | $102,874.50 | $12,966,52 | $105,553.57 | $46,018.38 | $59,535.19 |

---

* A reduction of $1,210.00 in fees for the 3rd Monthly Fee Statement was taken by Lowenstein for non-working travel time.

| Period Covered | Unapplied For Fees (100%) | Unapplied For Expenses (100%) | Amount Paid | Amount Unpaid |
|---|---|---|---|---|
| 10% Fee Holdback (7/22/04-12/31/04) | $ 0.00 | $ 0.00 | $0.00 | $10,287.45 |
| 1/1/05 - 1/31/05◆ | 914.50 | 664.22 | 0.00 | 1,578.72 |
| 2/1/05 - 2/28/05◆ | 1,157.00 | 91.81 | 0.00 | 1,248.81 |
| 3/1/05 - 3/31/05◆ | 552.00 | 758.39 | 0.00 | 1,320.39 |
| TOTAL | $2,622.50 | $1,513.42 | $0.00 | $14,435.37 |

Lowenstein has not shared any of the compensation that it has previously received in connection with this case with any other entity. Furthermore, no such agreement or understanding exists between Lowenstein and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with Lowenstein's representation of the Committee in the above-captioned case.

## VI. COMMITTEE'S APPROVAL

All of the professional services for which compensation is requested herein were performed by Lowenstein for and on behalf of the Committee, and not for or on behalf of any other person or entity. Furthermore, all services were performed at the direction of the Committee.

## VII. CONCLUSION

Giving due consideration to the nature of the services rendered, the size of the case, the legal complexities encountered, Lowenstein's normal and customary hourly rates for similar services, and the time devoted by Lowenstein to the representation of the Committee, Lowenstein respectfully submits that the fees and expenses for which compensation and reimbursement are sought are actual, reasonable and necessary costs of the administration of

---

◆ These Monthly Statements (January, February and March 2005) have not been served upon the interested parties because the Interim Compensation Order was suspended by Order dated January 13, 2005.

these chapter 7 cases. With a blended hourly rate of $340.00 for professionals and $249.29 when including the rates of paraprofessionals, Lowenstein has added value to the administration of this chapter 7 case and has achieved an efficient delivery of legal services to the Committee.

**WHEREFORE**, Lowenstein respectfully requests, that the Court enter an order, pursuant to §§ 330 and 331 of the United States Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals granting Lowenstein a final allowance of fees in the amount of $105,498.00 and $14,490.94 in expenses and granting such other relief as is just and proper.

Dated: April 10, 2005

Respectfully submitted,

**Lowenstein Sandler PC**
*Counsel to the Official Committee of Unsecured Creditors*

By: _____
Paul Kizel, Esq.

Kenneth A. Rosen (KR 4963)
Paul Kizel (PK 4176)
S. Jason Teele (SJT 7390)
**Lowenstein Sandler PC**
65 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 597-2500
Facsimile: (973) 597-2481