IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04 B 26000 |
| a Delaware corporation | ) | |
| FEIN 36-2057071 | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor. | ) | |

## SCHEDULE OF UNPAID LIABILITIES, AND FINAL REPORT AND ACCOUNT

NOW COMES, Chapco Carton Company, a Delaware corporation, debtor herein, and for its Statement of Unpaid Liabilities, and Final Report and Account pursuant to Fed.R.Bank.P. 1019(5), respectfully states as follows:

1. On July 13, 2004 ("**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code ("**Code**") in this District ("**Chapter 11 Case**").

2. On July 22, 2004, an Official Committee of Unsecured Creditors ("**Committee**") was appointed in the Chapter 11 Case.

3. On December 21, 2004, the Debtor sold substantially all of its assets pursuant to §363 of the Code ("**Sale**") and Court Order dated December 9, 2004 ("**Sale Order**").

4. On March 24, 2005, the Court entered an Order (the "**Conversion Order**") which converted the Chapter 11 Case into a case under Chapter 7 of the Code (the "**Chapter 7 Case**").

5. Subsequent to the entry of the Conversion Order, Deborah K. Ebner, Esq. was appointed as Chapter 7 trustee in the Chapter 7 Case ("**Trustee**").

6. In connection with the entry of the Conversion Order and appointment of the Trustee, the Debtor is required to account for and turnover to the Trustee all records and property of

1

the estate under its custody and control. To this extent, the Debtor has generally reviewed with the Trustee the current status of the Debtor's assets, liabilities, books and records, and has discussed all material aspects of the Chapter 11 Case with the Trustee. In addition, the Debtor has taken such steps as are necessary to preserve and maintain the voluminous amount of its books, records and other documents for the Trustee's subsequent determination of retention or disposal as the case may be.

7. Attached hereto as Exhibit A and made a part hereof is a Schedule of Unpaid Liabilities in the Chapter 11 Case as maintained by the Debtor in its books and records of operations[1]. In <u>addition</u> thereto, are the following unpaid administrative claims:

(a) An unknown amount which may be owing to the Office of the United States Trustee for quarterly fees incurred during the partial first quarter of this year up to and including the Conversion Date;

(b) Approximately $280,931 claimed by Cole Taylor Bank pursuant to the terms of Stipulation and Final Order (I) Authorizing Post-Petition Financing on a Superpriority Basis Pursuant to 11 U.S.C. § 364, (II) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §§ 363 and 364, and (III) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 363 and 364 entered by the Court in the Chapter 11 Case on September 29, 2004, as amended and continued from time to time, consisting of the following: (i) exit fee - $239,482; (ii) overdraft and service fee - $20,185; and (iii) remaining legal fees - $21,264;

(c) Administrative and/or unpaid adequate protection claims may be filed by

---

[1] The amounts reflected on the attached Exhibit A are subject to final adjustments arising from updated invoices received after the Conversion Date. All necessary amendments hereto will be filed as soon as practicable.

67141.1 5/4/05

2

the following secured creditors and lessors[2]:

    (i) IFC Credit Corporation (secured equipment lender). Amount that may be claimed, if any, approximately $98,000;

    (ii) MAC Funding Corporation MAC Funding Corporation MLP U.S.A., Inc. (equipment lessor). Amount that may be claimed, if any - unknown;

    (iii) Duke Realty Duke Construction Limited Partnership c/o Duke Realty Corporation (landlord). Amount that may be claimed, if any - unknown;

    (iv) People's Capital & Leasing Corp. (secured equipment lender). Amount that may be claimed, if any - unknown;

    (v) Bobst Equipment Finance Company, Inc.(secured equipment lender). Amount that may be claimed, if any - unknown;

    (vi) GMAC Payment Processing Center (secured lender - two vehicle loans, both vehicles, 2003 Chevrolet Impalas, repossessed, amount owed at filing of Chapter 11 Case per Schedule D - $26,400.23). Amount that may be claimed, if any - unknown; and

    (vii) Ford Motor Credit Corporation (secured lender - one vehicle loan for 2001 Ford Ranger, amount owed at filing of Chapter 11 Case per Schedule D - $1,262.85). Amount that may be claimed, if any - unknown;

    (d) Unpaid professional compensation and reimbursement of expenses owing to

the following court appointed professionals[3], in the aggregate approximating for all of the Debtor's and Creditors' Committee's professionals <u>unpaid</u> fees and expenses of approximately $403,000:

    (i) Debtor's counsel, Adelman & Gettleman, Ltd. for services rendered and costs incurred in this case during the period from the Petition Date to and including

---

[2] As a result of the Sale, certain of these secured lenders and lessors refinanced their obligations, entered into new leases with the purchaser and/or bid in all or a portion of their debt, as the case may be. Accordingly, the Debtor is unable to estimate what claims, if any, these parties may file.

[3] As of the date hereof, there has been no order fixing a date for the filing of all motions for final allowance of professional compensation and reimbursement of expenses incurred during the Chapter 11 Case. As such, all amounts reflected herein are estimations of any final allowances based upon available information. Further, pursuant to that certain Order Establishing Procedures for the Payment of Monthly Interim Compensation And Reimbursement of Expenses of Professionals entered in the Chapter 11 Case on July 29, 2004, the Debtor's and Creditors' Committee's professionals were entitled to submit and receive payment on monthly invoices, a number of which were paid prior to the Sale.

      the Conversion Date. These professionals have yet to file their final fee petition. Subject to such final fee petition, for purposes hereof only, it is estimated that said firm's final fees and expenses incurred are approximately $475,000 (including estimated time for preparation of final fee petition) and $9,116.74, respectively, of which approximately $332,528.87 fees (which include $50,000 prepayment) and $8,143.14 expenses were paid, leaving an estimated net balance due of approximately $145,000 ($144,000 - fees and $973.60 - expenses);

(ii) Debtor's financial consultants, Kugman Associates, Inc. for services rendered and costs incurred in this case during the period from the Petition Date to in or around December 2004. These professionals have filed a final fee petition which is pending as of the date hereof. Pursuant thereto, said firm's final fees and expenses incurred are approximately $561,589.50 and $13,581.10, respectively, of which $459,677.99 of fees and expenses were paid, leaving a net balance due of $115,492.61;

(iii) Debtor's accountants, Miller Cooper & Co., Ltd. for services rendered and costs incurred in this case during the period from the Petition Date to and including the Conversion Date. These professionals have yet to file their final fee petition, however, the Debtor estimates the unpaid compensation to be approximately $10,000;

(iv) Creditors' Committee's lead counsel, Lowenstein Sandler PC for services rendered and costs incurred in this case during the period from the Petition Date to and including the Conversion Date. These professionals have filed their final fee petition which is pending as of the date hereof. Pursuant thereto, said firm's final fees and expenses incurred are approximately $105,498.00 and $14,490.94, respectively, of which $45,205.20 of fees and $813.18 of expenses were paid, leaving a net balance due of $73,970.56 ($60,292.80 - fees and $13,677.76 - expenses);

(v) Creditors' Committee's local counsel, Foley & Lardner LLP for services rendered and costs incurred in this case during the period from the Petition Date to and including the Conversion Date. These professionals have filed their interim final fee petition through January 31, 2005 which is pending as of the date hereof. Pursuant thereto, said firm's interim fees and expenses

    incurred are approximately $41,849.00 and $1,727.13, respectively, for a total unpaid amount of approximately $43,576.13; and

(vi)  Creditors' Committee's accountants, M. S. Ackerman & Co., LLP, for services rendered and costs incurred in this case during the period from July 19, 2004 through December 31, 2004. These professionals have filed their interim final fee petition through said period, which is pending as of the date hereof. Pursuant thereto, said firm's interim fees and expenses incurred are approximately $15,047.50 and $340.20, respectively, for a total unpaid amount of approximately $15,387.70.

8.  The following are the assets of the Debtor, with those transferred as part of the Sale also shown, as reflected on the Debtor's Bankruptcy Schedules:

(a)  <u>Bankruptcy Schedules B-1 through B-3</u>. Cash and Deposits. The Debtor believes all of these assets were consumed or setoff in connection with the Chapter 11 Case. Value remaining - none.

(b)  <u>Bankruptcy Schedule B-5</u>. Assorted books and pictures. The Debtor believes that all books and records, pictures and other tangible items were sold as part of the Sale Order, with the exception of the "Excluded Books and Records," as defined in the Sale Order. Estimated value - none.

(c)  <u>Bankruptcy Schedule B-9</u>. Any right, title or interest in and to the following life insurance policies and/or cash surrender values thereunder as of the commencement of the Chapter 11 Case[4]:

(i)  John Hancock Policy No. 61394430, insuring life of Ronald Kiolbasa in the face amount of $50,000 (approximate cash surrender value of $11,320);

---

[4] The Debtor is attempting to ascertain whether any of these policies have lapsed for nonpayment of premiums.

  (ii) National Farmers Union Life Policy No. 153843, insuring life of Ronald Kiolbasa in the face amount of $250,000 (term insurance - no cash surrender value);

  (iii) National Farmers Union Life Policy No. 1534850, insuring life of Ronald Kiolbasa in the face amount of $250,000 (term insurance - no cash surrender value);

  (iv) Prudential Policy No. 76-591-583 insuring life of Charles G. Kiolbasa, Jr. in the face amount of $1,000,000 (approximate cash surrender value - $32,687.00);

  (v) Prudential Policy No. V1001024 insuring life of Joseph A. Borgini in the face amount of $250,000 (approximate cash surrender value - $30,699.00);

  (vi) Prudential Policy No. V1018313 insuring life of Charles G. Kiolbasa, Jr. in the face amount of $1,000,000 with Cynthia Kiolbasa as beneficiary - collateral assignment to Cole Taylor Bank (approximate cash surrender value - $3,451.00);

  (vii) Transamerica/Occidental Policy No. 41941906, insuring life of Charles G. Kiolbasa, Jr. in the face amount of $2,000,000 - collateral assignment to Cole Taylor Bank and Cargill Financial Service (term insurance - no cash surrender value); and

  (viii) Transamerica/Occidental Policy No. 42143415, insuring life of Charles G. Kiolbasa, Jr. in the face amount of $3,000,000 - collateral assignment to IFC Credit Corporation (term insurance - no cash surrender value).

(d) <u>Bankruptcy Schedule B - 12</u>. Stock and interests in incorporated and unincorporated businesses, consisting of insurance company mutualization interests (Values - unknown):

  (i) John Hancock Life Insurance Company - 1,330 shares;

  (ii) Stancorp Financial Group - 335 shares;

  (iii) Prudential Life Insurance Company - 802 shares; and

  (iv) Manulife Financial Insurance Company - 788 shares.

(e) <u>Bankruptcy Schedule B-15</u>. Accounts receivable. The Debtor believes all of these assets were sold pursuant to the Sale Order. Value remaining - none.

(f)  **Bankruptcy Schedule B - 17**. Other liquidated debts owing Debtor, including tax refunds, consisting of the following:

   (i)   Charles G. Kiolbasa, Jr., erroneously listed as shareholder loan - $30,000. Following the filing of the Debtor's schedules, and upon further review, the Debtor believes that this entry was in error as the these funds were received prior to the commencement of the Chapter 11 Case by Mr. Kiolbasa as ordinary wages for which he paid all income and related taxes;

   (ii)  Cynthia Kiolbasa, erroneously listed as employee advance - $4,391.17. Following the filing of the Debtor's schedules, and upon further review, the Debtor believes that this entry was in error as the these funds were received prior to the commencement of the Chapter 11 Case by Mrs. Kiolbasa as ordinary wages for which she paid all income and related taxes;

   (iii) Charles G. Kiolbasa, III, erroneously listed as employee advance - $2,575.00. Following the filing of the Debtor's schedules, and upon further review, the Debtor believes that this entry was in error as the these funds were received prior to the commencement of the Chapter 11 Case by Mr. Kiolbasa as ordinary wages for which he paid all income and related taxes;

   (iv)  Rebecca Maldonado, employee loan - $2,500.00;

   (v)   Michael O'Keefe, overdrawn salesman's commission - $603.79;

   (vi)  Illinois Dept. of Revenue - Use Tax Refund - $441.74; and

   (vii) Other tax refunds whenever arising, and all rights or other tax benefits arising from the Debtor's net operating losses arising prior to December 21, 2004[5]. Value - unknown.

(g)  **Bankruptcy Schedules B-21 and B-22**. Intellectual property and intangible assets. The Debtor believes that all of these assets were sold pursuant to the Sale Order. Value remaining - none.

---

[5] The Debtor has not yet filed a final tax return and is therefore unable to ascertain whether the potential for such refund(s) exists.

(h)     Bankruptcy Schedules B-23, B-26 through B-28. Vehicles, office equipment, machinery and equipment, and inventory. The Debtor believes that all of these assets were sold pursuant to the Sale Order. Value remaining - none.

(i)     Bankruptcy Schedule B-33. Miscellaneous. Lift truck down payment ($2,000.00); vendor prepayment ($4,229.09) and leasehold improvements ($549,049.13 book value). Value remaining - unknown.

(j)     Assets not scheduled. Causes of action and litigation rights existing as of the Petition Date in favor of the Debtor including any and all causes of action arising under Sections 510, 544-553 of the Bankruptcy Code, the potential defendants of which are listed on the Debtor's Statement of Financial Affairs, Question No. 3(b). Estimated value - unknown.

Respectfully submitted,

CHAPCO CARTON COMPANY,
a Delaware corporation

By: _____
        Its President

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard Suite 1050
Chicago, Illinois 60604
312/435-1050
312/435-1059 fax
Counsel to Debtor

## VERIFICATION

_____I, Charles G. Kiolbasa, Jr., President of the Debtor, under penalties of perjury of the laws of the United States of America, verify that I have read the foregoing Schedule of Unpaid Liabilities, and Final Report and Account and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: May 4, 2005.

*[signature]*
Charles G. Kiolbasa, Jr.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04 B 26000 |
| a Delaware corporation | ) | |
| FEIN 36-2057071 | ) | |
| | ) | Honorable Bruce W. Black |
| Debtor. | ) | |

## SCHEDULE OF UNPAID LIABILITIES

The following table depicts all unpaid liabilities of the above-referenced Debtor in the its Chapter 11 case prior to conversion to a case under Chapter 7 and comments thereto[1]:

| CREDITOR | AMOUNT DUE |
|---|---|
| Cole Taylor Bank<br>c/o Douglas J. Lipke, Esq.<br>Eric S. Prezant, Esq.<br>Vedder, Price, Kaufman & Kammholz, P.C.<br>222 North La Salle Street<br>Chicago, Illinois 60601-1003 | $281,000.00<br>(estimated) |
| MAC Funding Corporation<br>MLP U.S.A., Inc.<br>c/o John B. Stanis, Esq.<br>Masuda Funai Eifert & Mitchell, Ltd.<br>Schaumburg Office<br>1475 East Woodfield Road, Suite 800<br>Schaumburg, Illinois 60173-5485 | unknown |
| Duke Construction Limited Partnership<br>c/o Duke Realty Corporation<br>Attn: Ann Dee, Esq.<br>4225 Naperville Road, Suite 150<br>Lisle, IL 60532 | unknown |

---

[1] The amounts reflected herein are estimates subject to final adjustments arising from updated invoices received after this case was converted to Chapter 7 or subject to final allowance of claims, fees and expenses pursuant to further order of the Court.

| CREDITOR | AMOUNT DUE |
|---|---|
| IFC Credit Corp.<br>c/o Gus Paloian, Esq.<br>William J. Factor, Esq.<br>Seyfarth Shaw LLP<br>55 E. Monroe Street, Suite 4200<br>Chicago, Illinois 60603-5803 | unknown |
| Bobst Equipment Finance Company, Inc.<br>c/o Diane Stolbach, Esq.<br>Kraemer, Burns Mytelka, Lovell & Kulak, P.A.<br>675 Morris Avenue<br>Springfield, NJ 07081 | unknown |
| People's Capital & Leasing Corp.<br>c/o Dennis A. Dressler, Esq.<br>Askounis & Borst, P.C.<br>303 East Wacker Drive, Suite 1000<br>Chicago, Illinois 60601 | unknown |
| Ford Motor Credit Corporation | none |
| GMAC | unknown |
| Adelman & Gettleman, Ltd.<br>53 W. Jackson Blvd., Suite 1050<br>Chicago, IL 60604<br>Debtor's counsel | $145,000 estimated, subject to final fee allowance |
| Kugman Associates, Inc.<br>c/o Michael J. Golde, Esq.<br>30 North LaSalle St., 17th Floor<br>Chicago, IL 60602<br>Debtor's financial consultants | $115,500, estimated, subject to final fee allowance |
| Kenneth A. Rosen, Esq.<br>Paul Kizel, Esq.<br>S. Jason Teele, Esq.<br>Lowenstein Sandler, PC<br>65 Livingston Ave.<br>Roseland, NJ 07068<br>Creditors' Committee's counsel | $74,000.00 estimated, subject to final fee allowance |

| **CREDITOR** | **AMOUNT DUE** |
|---|---|
| Mark L. Prager, Esq.<br>Michael J. Small, Esq.<br>Cynthia A. Fonner, Esq.<br>Foley & Lardner<br>321 N Clark St # 2100<br>Chicago, IL 60610<br>Creditors' Committee's counsel | $44,000 estimated, subject to final fee allowance |
| Accountemps<br>P.O. Box 6248<br>Carol Stream, IL 30197-6248 | $ 644.00 |
| ADT Security Services<br>P.O. Box 371967<br>Pittsburgh, PA 15250-7967 | $ 472.00 |
| ADP, Inc.<br>P.O. Box 78415<br>Phoenix, AZ 85062-8415 | $ 380.43 |
| American United Life<br>P.O. Box 368<br>Indianapolis, IN 46206-0368 | $ 18,072.41 |
| SBC Capital Services<br>13160 Collections Center Drive<br>Chicago, IL 60693 | $ 142.19 |
| AT &T<br>P.O. Box 9001310<br>Louisville, KY 40290-1310 | $ 3,244.29 |
| AT &T Wireless<br>P.O. Box 8220<br>Aurora, IL 60572-8220 | $ 1,233.59 |
| Associated Materials<br>31001 Network Place<br>Chicago, IL 60673-1310 | $ 3,240.00 |
| Borgini, Joe<br>17514 W Bridle Ct<br>Gurnee, IL 60031 | $ 80.13 |
| Business & Legal Reports<br>141 Mill Rock Road East<br>Old Saybrook, CT 06475 | $ 469.51 |

| CREDITOR | AMOUNT DUE |
|---|---|
| Cannon Financial Services<br>P.O. Box 4004<br>Carol Stream, IL 60197-4004 | $ 286.94 |
| CH Robinson Worldwide<br>P.O. Box 9121<br>Minneapolis, MN 55480-9121 | $ 7,727.05 |
| Chicago Trailer Pool Corp.<br>P.O. Box 691<br>Palatine, IL 60078 | $ 1,050.00 |
| Citi Waste<br>P.O. Box 9001154<br>Louisville, KY 40290-1154 | $ 749.75 |
| Container Graphics Corp<br>P.O. Box 890794<br>Charlotte, NC 28289-0794 | $ 886.47 |
| D&B<br>75 Remittance Drive, Suite 1793<br>Chicago, IL 60675-1793 | $ 727.34 |
| Delaware Secretary of State<br>P.O. Box 74072<br>Baltimore, MD 25774-4072 | $ 2,612.23 |
| Dell Computer Corp<br>P.O. Box 570001, Dept 0680<br>Dallas, TX 75357-001 | $ 239.00 |
| Fresh Water One Corp<br>2005 Sanford Ave<br>New Lenox, IL 60451 | $ 70.00 |
| FutureSoft<br>12012 Wickchester Lane, Suite 600<br>Houston, TX 77079 | $ 1,263.60 |
| G & K Srevice<br>8201 S. Cork Avenue<br>Justice, IL 60458 | $ 4,043.40 |
| GE Capital<br>P.O. Box 802585<br>Chicago, IL 60680-2585 | $ 480.63 |

| CREDITOR | AMOUNT DUE |
|---|---|
| Grafsolve<br>P.O. Box 1185<br>Northbrook, IL 60065-1185 | $ 7,504.27 |
| Indiana Department of Revenue<br>100 N Senate<br>Indianapolis, IN 46204-2253 | $ 128.03 |
| Kings Express<br>P.O. Box 550<br>St. Joseph, MN 56374 | $ 13,905.00 |
| Liberty Propane<br>P.O. Box 458<br>Lemont, IL 60439-0458 | $ 1,166.14 |
| McKenna Systems, Inc.<br>2935 Sherwin Ave.<br>Chicago, IL 60645 | $ 470.00 |
| McMaster Carr Supply<br>P.O. Box 7690<br>Chicago, IL 60680-7690 | $ 832.50 |
| Miller Cooper & Co.<br>650 Dundee Rd, Suite 250<br>Northbrook, IL 60062-2747<br>Debtor's accountants | $9,897.15 estimated, subject to final fee allowance |
| Mittler supply<br>P.O. Box 1676<br>South Bend, IN 46634-1676 | $ 86.40 |
| M. S. Ackerman & Co., LLP<br>Creditors' Committee's accountants | $15,400 estimated subject to final fee allowance |
| Nicor Gas<br>P.O. Box 2020<br>Aurora, IL 60507-2020 | $ 1,146.14 |
| NTC Electronics<br>135 S. LaSalle-Dept 3806<br>Chicago, IL 60674-3806 | $ 1,323.13 |

| CREDITOR | AMOUNT DUE |
|---|---:|
| Overnight Transportation<br>P.O. Box 79755<br>Baltimore, MD 21279-0755 | $ 3,875.16 |
| Paige Personnel Services<br>75 Remittance Drive, Suite 1480<br>Chicago, IL 60675-1480 | $ 4,554.00 |
| Presto-X Company<br>P.O. Box 2578<br>Omaha, NE 68103-2578 | $ 192.00 |
| SBC Webhosting<br>P.O. Box 910439<br>Dallas, TX 75391-0439 | $ 894.00 |
| SBC<br>60663 SBC Drive<br>Chicago, IL 60663 | $ 726.87 |
| SBC<br>60663 SBC Drive<br>Chicago, IL 60663 | $ 59.05 |
| SBC Internest Service<br>4865 Collections Center Drive<br>Chicago, IL 60693 | $ 1,085.00 |
| Transamerica Occidental Life ins<br>1150 South Olive St<br>Los Angeles, CA 90015 | $ 1,701.30 |
| TransCorr National Logistics<br>P.O. Box 2181<br>Indianapolis, IN 46206-2181 | $ 1,771.05 |
| UniFirst Corporation<br>2374 Estes Ave<br>Elk Grove Village, IL 60007 | $ 5,992.70 |
| Unlimited Services, Inc<br>P.O. Box 283<br>Elk Grove Village, IL 60007 | $ 2,555.00 |
| UPS<br>Lockbox 577<br>Carol Stream, IL 60132-0577 | $ 39.93 |

| CREDITOR | AMOUNT DUE |
|---|---|
| VLF, Inc.<br>204 Plainview Drive<br>Bolingbrook, IL 60440 | $ 8,871.80 |
| Village of Romeoville<br>Water Dept, 13 Montrose Drive<br>Romeoville, IL 60446 | $ 671.59 |
| W.W.Granger, Inc<br>Dept 136<br>Palatine, IL 60038-001 | $ 72.97 |

CHAPCO CARTON COMPANY,
a Delaware corporation

By: _____
Its President

CHAD H. GETTLEMAN, ESQ. (ARDC #944858)
ADAM P. SILVERMAN, ESQ. (ARDC #6256676)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard Suite 1050
Chicago, Illinois 60604
312/435-1050
312/435-1059 fax
Counsel to Debtor

## VERIFICATION

I, Charles G. Kiolbasa, Jr., President of the Debtor, under penalties of perjury of the laws of the United States of America, verify that I have read the foregoing Schedule of Unpaid Liabilities and that the information contained therein is true and correct to the best of my knowledge, information and belief.

Dated: May 4, 2005

_____
Charles G. Kiolbasa, Jr.