**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Honorable Bruce W. Black** |
| **CHAPCO CARTON COMPANY,** | ) | |
| | ) | |
| | ) | **Case No. 04-26000 (BWB)** |
| **Debtor.** | ) | |
| | ) | |
| | ) | |

**COVER SHEET FOR APPLICATION
FOR PROFESSIONAL COMPENSATION,**

Name of Applicant: Foley & Lardner LLP

Authorized to Provide
Professional Services to: Co-Counsel for the Official Committee of Unsecured Creditors

Date of Order Authorizing Employment: July 29, 2004 (*nunc pro tunc*)

Period for Which
Compensation is sought: February 1, 2005 through and including March 23, 2005

Amount of Fees sought: $5,151.50

Amount of Expense
Reimbursement sought: $204.61

This is an: Interim Application: _____ Final Application: __X__

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| 03/21/05 | 07/21/04 to 01/31/05 | $ 43,576.13 | $ To be set for hearing at a future date |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered
and expenses incurred herein is: $ 0.00

Date: August 11, 2005      By: /s/ Cynthia A. Fonner
                                                              Applicant

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | In Proceedings Under Chapter 11 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04-26000 (BWB) |
| | ) | |
| Debtor. | ) | |
| | ) | Hon. Bruce W. Black |

**SECOND AND FINAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF FEES AND EXPENSES OF FOLEY & LARDNER LLP
AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Foley & Lardner LLP ("Foley"), as co-counsel for the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case, hereby applies, pursuant to §§ 330 and 331 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure and Order establishing procedures for the payment of monthly interim compensation and reimbursement of expenses of professionals, entered on July 29, 2004, for an order authorizing the Debtor to compensate and reimburse Foley for actual and necessary fees earned and expenses incurred from July 21, 2004 through and including March 23, 2005 in the total amount of $48,932.84 (the "Final Application"). Specifically, Foley applies for an order: (a) granting final approval for fees and expenses incurred for February 1, 2005 through March 23, 2005 in the amount of $5,356.11; and (b) granting final approval of fees and expenses sought in the First Interim Application, filed on March 21, 2005 (attached as **Exhibit A**) for fees and expenses incurred from July 21, 2004 through January 31, 2005. In further support of this Application, Foley respectfully states as follows:

## BACKGROUND

**A.     The Chapter 11 Filing**

1.     On July 13, 2004 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of the Code.  Pursuant to §§ 1107 and 1108 of the Code, the Debtor operated and managed its business as a debtor-in-possession, until the court entered an order to convert this case to Chapter 7 on March 24, 2005.

2.     By an order dated August 26, 2004, the Court authorized the retention of Foley as co-counsel to the Official Committee of Unsecured Creditors.

3.     Foley has submitted monthly statements dated:  (a) November 10, 2004 in the amount of $29,972.51 for fees and expenses incurred from July 21, 2004 through and including September 30, 2004; (b) December 3, 2004 in the amount of $2,634.19 for fees and expenses incurred from October 1, 2004 through October 31, 2004; (c) January 3, 2005 in the amount of $4,892.32 for fees and expenses incurred from November 1, 2004 through November 30, 2004; and (d) March 4, 2005 in the total amount of $6,077.11 for fees and expenses incurred from December 1, 2004 through and including January 31, 2005.  In addition, Foley performed services in the total amount of $5,356.11 for fees and expenses incurred from February 1, 2005 through March 23, 2005.  To date, Foley has not received compensation or reimbursement for the fees and expenses it has incurred in the course of representing the Committee in the chapter 11 case.

4.     The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(a).  Venue is proper pursuant to 28 U.S.C. § 1409.  The statutory predicates for the relief sought herein are §§ 330 and 331 of the Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

2

**B.    Relief Requested**

5.    Foley seeks authorization for the First Interim Application and reimbursement of the fees and expenses it incurred July 21, 2004 through January 31, 2005, filed on March 21, 2005, in the amount of $43,576.73 and for the Second and Final Application and reimbursement of the fees and expenses it incurred February 1, 2005 through March 23, 2005 in representing the Committee in the chapter 11 case in the amount of $5,356.11. The fees and expenses for which Foley seeks compensation and reimbursement are actual, reasonable and necessary, within the meaning of § 330(a) of the Code.

**C.    Standard for Compensation of Fees**

6.    Section 330(a) of the Code governs compensation of professionals in bankruptcy matters. Section 330(a) provides, in relevant part:

> the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3). Pursuant to § 331 of the Code, compensation for professional services may be awarded on an interim basis. 11 U.S.C. § 331.

7.    Foley has rendered substantial and valuable professional services on behalf of the Committee that have resulted in a significant benefit to the Debtor's estate, and its creditors, and

3

011.1249599.2

which were beneficial to the administration of the chapter 11 case. Foley respectfully submits that its services were provided with the requisite level of skill and were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problems, issues, and tasks addressed. Foley has charged its customary fees, which are reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. The amount sought in compensation is in line with awards in similar cases and is commensurate with the professional standing, ability and expertise of Foley and the professionals and paraprofessionals who have participated in this case. Accordingly, the compensation requested herein reflects the reasonable value of the services provided to the Committee.

8. Foley has been mindful of the need to avoid undue legal fees in this case and has taken all reasonable steps to provide cost-effective representation while rendering services with the highest degree of skill and professionalism. Such efforts include staffing this matter leanly and eliminating duplication of effort by giving primary responsbility to one partner and one associate for most issues and matters, while staffing other attorneys only on an as-needed basis. The blended hourly rate of Foley's attorneys and paraprofessionals for this period is $283.05. Attached hereto as **Exhibit B** are the hourly rates for the attorneys and legal assistants who provided service to the Committee in this case, and the total number of hours worked by each.

9. Attached hereto as **Exhibit C** are the fees that Foley actually charged for this period, corresponding to the categories detailed in Section E below. In accordance with Federal Rule of Bankruptcy Procedure 2016(a), the itemized list identifies: (a) the specific tasks performed; (b) the attorney or legal assistant who performed them; (c) the time required to perform them; and (d) the date on which the tasks were performed. To the extent possible, Foley

4

has described each specific task and separately allocated the time attributable to that task. Where the nature of certain tasks and the circumstances surrounding their performance did not allow for individual time entries, aggregate time entries were used.

**D.     Reimbursement of Expenses**

10.     Pursuant to § 330(a)(1)(B) of the Code, the Court may award a professional "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). Accordingly, Foley seeks reimbursement of the actual, necessary expenses that it incurred during the course of providing legal services to the Committee. Foley typically charges its clients $0.15 per page for copies and $0.50 per page for outbound facsimiles. Foley does not charge its clients for incoming facsimiles. Charges for travel, electronic research, overnight delivery, postage, long distance phone calls, and other out-of-pocket disbursements are based on actual amounts paid by Foley for those services. Attached hereto as **Exhibit D** is a detailed description of expenses that Foley incurred from February 1, 2005 through March 23, 2005.

**E.     Narrative Summary of Services Performed**

**1.     Case Administration (3.70 hours for this period)**

Included in this category is time devoted to various functions that Foley has performed in order to efficiently administer this chapter 11 case, such as responding to questions from creditors, maintaining an updated service list, and communicating the status of the case to the Committee, among other tasks.

**2.     Fee/Employment Applications (12.10 hours for this period)**

In connection with fee applications, Foley spent the minimum amount of time necessary in the preparation and filing of its own fee application, the vast majority of this work was performed by paraprofessionals, with attorney review. The total for this category, which

5

includes the filing fee applications of other Committee professionals, is approximately $2,711.50.

### 3. Meeting of Creditors (2.40 hours for this period)

Included in this category are various committee meetings, conference calls, and other communications between Foley and Committee regarding the Committee's strategy for going forward in the Chapter 11 case and other pending issues. Foley has been diligent in keeping the apprised of all material developments in this case, and has communicated extensively with the Committee regarding the Committee's options in furtherance of its fiduciary duty to unsecured creditor

### F. Compensation Previously Received

Pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, Foley affirmatively states that it has received no payments from the Debtor in connection with its representation of the Committee in the above-captioned case.

Foley further states that it will not share any of the compensation that it has previously requested in connection with this case with any other entity. Furthermore, no such agreement or understanding exists between Foley and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with Foley's representation of the Committee in the above-captioned case.

### G. Conclusion

Giving due consideration to the nature of the services rendered, the size of the case, the legal complexities encountered, the experience of Foley, Foley's normal and customary hourly rates for similar services, the results achieved on behalf of the Committee, and the time devoted by Foley to the representation of the Committee, Foley respectfully submits that the fees and expenses for which compensation and reimbursement are sought hereby are actual, reasonable

and necessary costs of the administration of this chapter 11 case. With a blended hourly rate of $283.05 for this period, for professionals and paraprofessionals, Foley has added value to the administration of the chapter 11 case and has achieved an efficient delivery of legal services to the Committee.

WHEREFORE, Applicant respectfully requests that the Court enter an Order, in the form attached hereto as **Exhibit E**.

Dated this 11th day of August, 2005.

                                          Respectfully submitted,

                                          FOLEY & LARDNER LLP, Co-Counsel for the
Official Committee of Unsecured Creditors

                                          By: /s/ Cynthia A. Fonner
                                                 One of Its Attorneys

Mark L. Prager (Il. Bar No. 2246503)
Michael J. Small (Il. Bar No. 6207645)
Cynthia A. Fonner (Il. Bar No. 6210653)
Foley & Lardner LLP
321 N. Clark Street, Suite 2800
Chicago, IL 60610
312/832-4500