IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04 B 26000 |
| | ) | |
| Debtor. | ) | Hon. Judge Bruce W. Black |
| | ) | |
| | ) | Hearing Date: September 17, 2009 |
| | ) | Hearing Time: 9:30 a.m. |

## NOTICE OF HEARING

To:    Parties on the Attached Service List

PLEASE TAKE NOTICE that on **September 17, 2009, at the hour of 9:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Bruce W. Black, Bankruptcy Judge for the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Room 615, Chicago, Illinois, or before such other judge as may be sitting in his place and stead, and shall then and there present the **Final Application for Allowance and Payment of Compensation and for Reimbursement of Expenses to Quarles & Brady LLP as Special Litigation Counsel to the Trustee for the Period From August 1, 2008 Through August 31, 2009,** a copy of which is hereby served upon you.

DATED: August 27, 2009                    QUARLES & BRADY LLP


                                          By:    /s/ Lauren Nachinson
                                                 One of Its Attorneys

Faye B. Feinstein, Esq. (ARDC No. 06186627)
Lauren Nachinson, Esq. (ARDC No. 06290314)
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, Illinois 60654
(312) 715-5000

## CERTIFICATE OF SERVICE

I, Lauren Nachinson, an attorney, certify that I caused a copy of the following **Final Application for Allowance and Payment of Compensation and for Reimbursement of Expenses to Quarles & Brady LLP as Special Litigation Counsel to the Trustee for the Period From August 1, 2008 Through August 31, 2009,** to be served upon the parties on the attached service list as indicated, on the 27th day of August 2009.

                                          By:    /s/Lauren Nachinson

QB\8445429.1

# CHAPCO CARTON COMPANY
## BANKRUPTCY CASE NO. 04 B 26000
### SERVICE LIST

Roman L. Sukley, Esq.[*]
Office of U.S. Trustee
U.S. Department of Justice
227 West Monroe Street, Suite 3350
Chicago, IL 60606
Fax: 312-886-5794
Email: Roman.L.Sukley@usdoj.gov

Kugman Associates, Inc.[‡]
c/o Dale Marcus
30 North LaSalle Street, 17th Floor
Chicago, IL 60602
Fax: 312-251-5551

Charlie Kiolbasa, Jr.[‡]
Chapco Carton Company
515 Crossroads Parkway
Bolingbrook, IL 60440
Fax: 630-771-0522

Kenneth A. Rosen, Esq.[‡]
Paul Kizel, Esq.
S. Jason Teele, Esq.
Lowenstein Sandler, PC
65 Livingston Avenue
Roseland, NJ 07068
Fax: 973-597-2549

Mark L. Prager, Esq.[*]
Michael J. Small, Esq.
Cynthia A. Fonner, Esq.
Foley & Lardner LLP
321 North Clark Street, #2800
Chicago, IL 60610
Fax: 312-832-4700

Cole Taylor Bank [*]
c/o Douglas J. Lipke, Esq.
Vedder, Price, Kaufman & Kammholz, P.C.
222 North LaSalle Street
Chicago, IL 60601-1003
Fax: 312-609-5005
Email: dlipke@vedderpice.com

IFC Credit Corp.[*]
c/o Gus Paloian, Esq.
William J. Factor, Esq.
Seyfarth Shaw LLP
55 East Monroe Street, Suite 4200
Chicago, IL 60603-5803
Fax: 312-269-8869

MAC Funding Corporation[‡]
MLP U.S.A., Inc.
c/o John B. Stanis, Esq.
Masuda, Funai, Eifert & Mitchell, Ltd.
Schaumburg Office
1475 East Woodfield Road, Suite 800
Schaumburg, IL 60173-5485
Fax: 847-734-1089

People's Capital & Leasing Corp.[*]
c/o Dennis A. Dressler, Esq.
Askounis & Borst, P.C.
303 East Wacker Drive, Suite 1000
Chicago, IL 60601
Fax: 312-861-0022

Bobst Equipment Finance Company, Inc.[‡]
c/o Diane Stolbach, Esq.
Kraemer, Burns, Mytelka, Lovell & Kulak, P.A.
675 Morris Avenue
Springfield, NJ 07081
Fax: 973-912-8602

Deborah K. Ebner, Esq.[*]
Law Office of Deborah K. Ebner
11 East Adams Street, Suite 800
Chicago, IL 60603
Fax: 312-922-8722

American Express Travel Related[‡]
Services Company, Inc. – Corporate Card
c/o Becket & Lee, LLP
500 Chesterfield Parkway, #100
P.O. Box 3001
Malvern, PA 19355-0701
Fax: 610-993-8493

---

[*] Served Electronically or by e-mail
[‡] Served via First Class U.S. Mail

QB\8445429.1

Stephanie Thomas, Esq. ‡
Pension Benefit Guaranty Corporation
Office of the General Counsel
1200 K Street, N.W., Suite 340
Washington, D.C. 20005-4026
Fax: 202-326-4112

Ronald C. Kiolbasa‡
c/o J. Michael Williams, Esq.
Cohen, Raizes & Regal, LLP
208 South LaSalle Street, Suite 1860
Chicago, IL 60604
Fax: 312-726-0609

Duke Construction Limited Partnership‡
c/o Duke Realty Corporation
Attn: Ann Dee, Esq.
4225 Naperville Road, Suite 150
Lisle, IL 60532
Fax: 630-955-6894

Steven B. Towbin, Esq. **
Shaw, Gussis, Fishman, Glantz,
 Wolfson & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60610
Fax: 312-275-0569
Email: stowbin@shawgussis.com

Howard L. Adelman, Esq. *
Chad H. Gettleman, Esq.
Henry B. Merens, Esq.
Adam P. Silverman, Esq.
Adelman & Gettleman, Ltd.
53 West Jackson Boulevard, Suite 1050
Chicago, IL 60604
Fax: 312-435-105

---

* Served Electronically or by e-mail
‡ Served via First Class U.S. Mail
** Served both Electronically and via Email.

2

QB\8445429.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04 B 26000 |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |

**FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION
AND FOR REIMBURSEMENT OF EXPENSES TO QUARLES & BRADY LLP AS
SPECIAL LITIGATION COUNSEL TO THE TRUSTEE FOR THE
<u>PERIOD FROM AUGUST 1, 2008 THROUGH AUGUST 31, 2009</u>**

| | |
|---|---|
| Name of Applicant: | Quarles & Brady LLP |
| Authorized to Provide Professional Services to: | Deborah K. Ebner, Trustee for the Chapter 7 Estate of Chapco Carton Company |
| Date of Retention: | Order entered June 9, 2005 with retention effective as of June 1, 2005. |
| Period for which compensation and reimbursement is sought: | August 1, 2008 through August 31, 2009 |
| Amount of Compensation requested: | $28,686.50 |
| Amount of Expense Reimbursement requested: | $ 1,220.15 |
| This is a(n): | ____ Interim Application     __X__ Final Application |

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed | Total Paid |
|---|---|---|---|---|
| 1/6/2006 | 6/1/2005-11/30/2005 | $47,349.59 | $47,349.59 | $47,349.59 |
| 7/20/06 | 12/1/2005-5/31/2006 | $73,309.43 | $73,241.43 | $73,241.43 |
| 8/16/07 | 6/1/2006-7/31/2007 | $140,903.04 | $140,903.04 | $140,903.04 |

3

QB\8445429.1

| 8/7/08 | 8/1/2007-7/31/2008 | $75,846.05 | $74,988.05 | $74,988.05 |

Date: August 27, 2009        By: ___/s/ Lauren Nachinson___
                                  for Applicant

QB\8445429.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CHAPCO CARTON COMPANY, | ) | Case No. 04 B 26000 |
| | ) | |
| Debtor. | ) | Honorable Bruce W. Black |

**FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF
COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES TO
QUARLES & BRADY LLP AS SPECIAL LITIGATION COUNSEL
TO THE TRUSTEE FOR THE PERIOD FROM
AUGUST 1, 2008 THROUGH AUGUST 31, 2009**

Quarles & Brady LLP ("Q&B"), special litigation counsel to Deborah K. Ebner, Trustee ("Trustee") for the Chapter 7 Estate of Chapco Carton Company ("Chapco"), debtor herein, hereby requests entry of an Order, pursuant to Section 330 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure ("FRBP"): (i) allowing Q&B a final award of compensation for services rendered to the Trustee and for reimbursement of expenses incurred in connection therewith for the period from August 1, 2008 through August 31, 2009 (the "Subject Period"); (ii) approving all prior interim award as final; (iii) authorizing Q&B to apply its retainer to this final award; and (iv) authorizing the Trustee to pay Q&B all allowed amounts in excess of the retainer. In support, Q&B states:

**Background**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C §§157 and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

5

QB\8445429.1

2. On July 13, 2004, the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On March 24, 2005, an order was entered converting the captioned case to one under Chapter 7 of the Bankruptcy Code. The Trustee was appointed on March 29, 2005.

3. On May 18, 2005 Deborah Ebner became the permanent Trustee.

4. On June 9, 2005, this Court entered an Order authorizing the Trustee to retain Q&B as Special Litigation Counsel, effective June 1, 2005 (the "June 9th Order").

5. Pursuant to the June 9th Order, the Trustee was authorized to provide Q&B a retainer in the amount of $20,000 (the "Retainer"), which is currently being held in a segregated, interest-bearing account.

6. On January 26, 2006, Q&B's First Interim Fee Application was granted, awarding $46,040.25 in fees and reimbursement of expenses in the amount of $1,309.34.

7. On August 9, 2006 Q&B's Second Interim Fee Application was granted, awarding $71,615.00 in fees and reimbursement of expenses in the amount of $1,626.43.

8. On September 9, 2007 Q&B's Third Interim Fee Application was granted, awarding $138,228.25 in fees and reimbursement of expenses in the amount of $2,675.04.

9. On August 27, 2008, Q&B's Fourth Interim Fee Application was granted, awarding $73,079.00 in fees and reimbursement of expenses in the amount of $1,909.05.

10. By this Application, Q&B is seeking entry of a final order: (i) approving all prior interim awards as final; (ii) approving the total fees and disbursements incurred by Q&B on behalf of the Trustee during the Subject Period; (iii) authorizing Q&B to

6

QB\8445429.1

apply the Retainer toward the amounts awarded; and (iv) authorizing the Trustee to pay to Q&B all amounts in excess of the Retainer.

### Services Provided to the Trustee During the Subject Period

11. During the Subject Period, Q&B devoted a total of 107.9 hours to the performance of necessary and valuable services on behalf of the Trustee. Attached to this Application as Exhibits "A" through "D", are itemized statements of Q&B's services setting forth, by subject matter category (a) a detailed description of services rendered, on a daily basis, by each timekeeper employed by Q&B who performed services for the Trustee, with the hours spent on such services by each such timekeeper and the amounts charged therefor; and (b) the total number of hours devoted by each lawyer, paraprofessional, and other timekeeper who performed services for the Trustee in each such subject matter category and the aggregate value of such services during the Subject Period. Exhibits "A" through "D" were prepared from the time sheets and computer records regularly kept by Q&B, its attorneys, paraprofessionals, and other timekeepers. Attached to this Application as Exhibit "E" is a chart that summarizes, by professional or paraprofessional and by subject matter category, the hours spent and fees charged by each timekeeper who performed services for the Trustee during the Subject Period.

12. The necessary professional services performed by Q&B during the Subject Period may be summarized as follows:

(a) <u>Case Administration (Q&B Matter 00003)</u>: This category includes preparing for and appearing at multiple status hearings on the preference actions brought on behalf of the Trustee, reviewing all administrative claims to determine their validity, particularly Chapter 11 professional fees and consideration of disgorgement, drafting an

7

QB\8445429.1

omnibus objection to certain administrative claims, including the Chapter 11 administrative claims filed by Kenneth Krause; Jeffrey P. Woodin; G & K Services; Mittler Supply, Inc.; Overnite Transportation Company; and AT&T. Q&B also attended several hearings thereon, drafted documents related to the objections and drafted and submitted to the Court orders resolving contested administrative claims. Q&B also reviewed the various categories of claims filed to determine whether the claims were properly filed in such category. Additionally, Q&B drafted, filed and attended a hearing on a motion to retain the law office of Deborah K. Ebner as claim analysis counsel and assisted the law office of Deborah K. Ebner with various claims issues. **73.2 Hours, $19,531.00 Fees.**

(b) Tranzact Technologies, Inc. (Q&B Matter No. 00022): The minimal time spent in this category during the Subject Period was incurred in negotiating and finalizing settlement documents, which brought $3,000.00 into the estate. **1.3 Hours, $367.50 Fees.**

(c) Fees (Q&B Matter No. 118993.00030): This category includes time spent on fee related matters. During the Subject Period, Q&B drafted and filed its fourth interim fee application, attended the hearing thereon, and corresponded with the Trustee regarding Q&B's fees This category also includes time spent drafting and filing this final fee application and an hour of proposed time to be spent on the hearing thereon. **32.4 Hours, $8,553.00 Fees.**

(d) Loretta Burke, et al. (Q&B Matter No. 118993.00035): During the Subject Period, Q&B spent minimal time on this matter to finalize the settlement

8

QB\8445429.1

documents, including an affidavit from the defendants regarding their financial situation. **1.00 Hour, $235.00 Fees.**

Q&B has attempted to identify its services and record the time spent thereon in a manner that would most clearly and accurately explain and segregate by project the services it rendered. However, because conferences, telephone conversations, and court appearances often involved multiple subjects, and because some tasks might fairly be classified in more than one category, strict segregation by category was not always possible. Any misclassification of time is inadvertent.

13. Attached hereto as Exhibit "F" is a table setting forth, for each attorney and paraprofessional who performed services for the Trustee during the Subject Period, his or her position and primary area of practice.

14. In addition to the time expended by Q&B in its representation of the Trustee, Q&B incurred actual and necessary costs and expenses on behalf of the Trustee during the Subject Period in the amount of $1,220.15 (the "Subject Period Expenses"), as itemized in Exhibit "G" hereto.[1] Q&B requests that the Subject Period Expenses be allowed and paid.

### Staffing

15. As the exhibits indicate, Q&B has staffed this case in as lean a manner as possible and kept to a minimum the amount of work done at the partner level. The responsible partner for this case, Faye Feinstein, has made every effort to allow Lauren Nachinson, an associate, to do as much of the work as possible. Ms. Nachinson has

---

[1] Q&B charged the trustee a flat rate of ten cents ($.10) per page for photocopies and did not charge the Trustee for outgoing or incoming telecopies. Q&B does not include overhead in its charges for overnight shipments or on-line research; Q&B passes those charges directly to its clients.

9

QB\8445429.1

handled the majority of the drafting duties as well as the day-to-day dealings on the Preferences and claim analysis/objections, including Court appearances.

16. Every effort has been made to avoid duplication of services; when more than one attorney participated in any matter or hearing, such joint participation was necessary because of the complexity of the legal issues involved, the division of responsibilities among counsel, the various legal disciplines required, or the need to familiarize a person with such matters so that he or she could independently perform further necessary work thereon.

17. When Q&B was retained by the trustee, it agreed to reduce its rates as follows: partner rates were then reduced from $425/hour to $345/hour, except for discovery, court appearances, briefing and trial preparation and trial work, which was to be charged at the rate of $360/hour - $375/hour, and associate rates were capped at a maximum of $235/hour. Q&B's affidavit provided that its rates were subject to increase in accordance with firm policies. On September 6, 2007, the Court approved a rate increase for Faye Feinstein to $400 per hour. Ms. Feinstein's rate for this engagement is still at a significant discount from her current billing rate, which is $552/hour. Further, pursuant to firm policies, as reflected in the attached invoices, Lauren Nachinson was billed at a rate of $235/hour for all work done before October 1, 2008 and $260/hour for all work done after October 1, 2008; the average rate for Ms. Nachinson is reflected on the attached invoices as $247.50/hour. Ms. Nachinson's rate is still at a significant discount from her current billing rate which is $275/hour.

### Compliance With the Code and FRBP

18. Q&B has served a full copy of this Application, along with notice of the hearing thereon, either electronically or by first-class mail, as indicated on the attached Certificate of Service, upon the parties or their counsel who are listed on the official service list for this case. Q&B has also served a notice of the hearing on this Application, which included the date, time and place of such hearing, the amounts requested herein, and the manner in which recipients of the notice may obtain a copy of the Application, on all creditors of the Debtor pursuant to FRBP 2002(a). A copy of the notice is attached hereto as Exhibit "H".

WHEREFORE, Quarles & Brady LLP respectfully requests entry of an Order, in the form attached hereto as Exhibit "I":

A. Finding that reasonable compensation for actual and necessary legal services rendered by Q&B to the Trustee during the Subject Period is the sum of $28,686.50, and allowing Q&B final compensation in that amount;

B. Allowing Q&B reimbursement for actual and necessary expenses incurred during the Subject Period on behalf of the Trustee in connection with such legal services in the sum of $1,220.15;

C. Allowing all interim compensation on a final basis;

D. Authorizing Q&B to apply the Retainer to the amount awarded herein as final compensation;

E. Authorizing the Trustee to pay to Q&B all amounts awarded for legal services and expense reimbursement in excess of the Retainer;

F. Approving Notice of this Application as sufficient and finding that no other or further notice is required; and

11

QB\8445429.1

  G.  Granting such other and further relief as this Court deems appropriate.

Dated: August 27, 2009            Quarles & Brady LLP

               By:  /s/ Lauren Nachinson
                   One of its Attorneys

Faye B. Feinstein (ARDC No. 06186627)
Lauren Nachinson (ARDC No. 06290314)
QUARLES & BRADY LLP
300 N. LaSalle Street, Suite 4000
Chicago, IL 60654
Phone: (312) 715-5000

12

QB\8445429.1